1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,                    CASE NO. 07CR449 WQH

12                             Plaintiff,          ORDER

                vs.
13   TONY RAMOS (17), et.al.

14                            Defendants.

15   HAYES, Judge:

16          The matter before the Court is the Motion to Dismiss the Indictment filed by Defendant

17   Antonio Ramos-Amezcua (#158).

18                                      **FACTS**

19          On February 23, 2007, the government filed a seventeen count indictment in this case

20   against nineteen defendants charging conspiracy to import controlled substances in Count 1;

21   conspiracy to distribute controlled substances in Count 2; continuing criminal enterprise in

22   Count 3; conspiracy to launder money in Count 4; distribution of a controlled substance in

23   Counts 5; importation of a controlled substance in Counts 6, 8, 9, 10, 11, 12, 13, and 15; and

24   possession with intent to distribute a controlled substance in Counts 7, 14, 16, and 17.

25   Defendant Ramos-Amezcua is charged in Count 1 and Count 2 which allege conspiracies

26   involving "a large scale distribution organization (Cazares organization) that send metric ton-

27   quantities of cocaine from Mexico into the United States." (Doc. # 1 at 2.) Count 1 and Count

28   2  allege in part that Defendant Ramos-Amezcua "was a narcotics load-vehicle driver for the

1   Cuevas Cell." (Doc. # 1 at 6.)

2       On February 28, 2007, the indictment was unsealed by order of the Court. (Doc #17.)

3       On March 1, 2007, Defendant Ramos-Amezcua was arrested.

4       On March 2, 2007, Defendant Ramos-Amezcua was arraigned before the Magistrate

5   Judge and detained.  (Doc.# 22.)

6       On March 6, 2007 the Magistrate Judge held a detention hearing for Defendant Ramos-

7   Amezcua.  (Doc. #30.)

8       On March 8, 2007, Magistrate Judge held a further detention hearing.  The Magistrate

9   Judge granted the Government's motion for detention and Defendant Ramos-Amezcua remains

10   in custody. (Doc. #33.)

11       On March 23, 2007, Defendant Octavio Amezcua filed a motion for discovery

12   requesting a wide range of materials in the custody, control, care, or knowledge of the Plaintiff

13   or any closely related investigative or other agency. (Doc. # 43.)

14       On March 26, 2007, the Government filed a response to the Defendant's motion for

15   discovery.  (Doc. # 46.)

16       On March 27, 2007, Defendant Arturo Flores Medina filed a notice of joinder in the

17   motion for discovery filed by Defendant Octavio Amezcua. (Doc. # 47.)

18       On April 13, 2007, Defendant Gilbert Vasquez-Chavez filed a motion for discovery.

19   (Doc. # 75.)

20       On April 13, 2007, Defendant Carlos Cuevas, Jr. filed a motion for discovery. (Doc. #

21   77.)

22       On April 13, 2007, this Court held a hearing with all Defendants and all counsel

23   present, including Defendant Ramos-Amezcua and counsel for Defendant Ramos-Amezcua.

24   The parties discussed with the Court in detail the extensive discovery involved in the case.

25   The Court inquired "Are all counsel joined in for the respective discovery motions?"  A

26   number of defense counsel answered in the affirmative.  Counsel for Defendant Ramos-

27   Amezcua remained silent.  With the agreement of all defendants and defense counsel, the

28   Court set a further status hearing for June 7, 2007.

07cr449WQH

1   Upon written request filed by each indigent defendant, the Court has authorized funding

2 for extensive discovery to be provided to counsel for each indigent Defendant, including

3 Defendant Ramos-Amezcua.  Discovery materials in this case necessary in order for defense

4 counsel to provide effective assistance of counsel to their clients and to provide an adequate

5 defense includes thousands of pages of discovery as well as at least 34 compact discs. ( See,

6 e.g. Doc. # 92, 93, 105, 110, 111, 122.)

7   On May 1, 2007, Defendant Jose Oscar Del-Gallardo filed a motion for joinder in the

8 Motion for Discovery filed by Defendant Octavio Amezcua on March 23, 2007.  (Doc. # 100.)

9   On May 1, 2007, Defendant Miguel Angel Cardenas-Garcia filed a motion for joinder

10 in the Motion for Discovery filed by Defendant Octavio Amezcua on March 23, 2007.  (Doc.

11 # 101.)

12   On May 1, 2007, the Court held a hearing regarding discovery with all defendants and

13 counsel present.  All issues regarding discovery were discussed and the Court set a further

14 hearing for June 7, 2007. (Doc. #102.)

15   On May 24, 2007, Defendant Roberto Daniel Lopez filed a motion for Joinder in

16 Discovery (Doc. # 131.)

17   On May 29, 2007, Defendants Carlos Cuevas, Jr. and Defendant Sergio Kaiser-Chavez

18 entered pleas of guilty to a Superseding Information.

19   On June 12, 2007, the Court held a further hearing regarding discovery.  The

20 Government informed that Court that it has produced 31,880 pages of line sheets, forty-four

21 CDs of audio recordings, 1342 pages of information related to the wiretaps, nine photo CDs

22 with roughly 2700 photos, eight CDs of interviews, fifteen CDs of search warrant and other

23 information, and binders totaling 1755 pages.  Pursuant to the agreement of all parties, the

24 Court set a further hearing for all defendants on August 16, 2007 at which time the Court will

25 set dates for substantive motions, motions to suppress and wire tap motions.  During the June

26 12, 2007 hearing, counsel for Defendant Ramos-Amezcua indicated for the first time that

27 Defendant Ramos-Amezcua did not join in the motions previously filed by the co-defendants

28 and that she was taking the position that the Speedy Trial clock was running with respect to

1  Defendant Ramos-Amezcua.  The Court ordered the government to outline its position
2  regarding the Speedy trial clock with respect to Defendant Ramos-Amezcua.  (Doc. #146.)

3       On June 13, 2007, the Government filed a memorandum stating its position that the
4  Speedy Trial clock is tolled as to all defendants in this case including Defendant Ramos-
5  Amezcua by the filing of the initial motion for discovery by Defendant Octavio Amezcua on
6  March 23, 2007.

7       On June 27, 2007, Defendant Ramos-Amezcua moved the Court to dismiss the
8  indictment. Defendant Ramos-Amezcua contends that his Speedy Trial clock has been ticking
9  because he not filed any motions and he has not joined in any motions filed by other
10  defendants.  Defendant contends that he is prejudiced by the delay in his trial because the
11  delay affords the Government an opportunity to enter into negotiations with co-defendants to
12  testify against him at trial.

13      On June 29, 2007, Defendant Jose Oscar Del Castillo-Gallardo entered plea of guilty
14  to a superseding information. (Doc. # 167.)

15      On July 12, 2007, the Court held a hearing on Defendant's motion to dismiss.

16                                    **APPLICABLE LAW**

17      18 U.S.C. Section 3161(c)(1) of the Speedy Trial Act requires that "[i]n any case in
18  which a plea of not guilty is entered, the trial of a defendant charged in an information or
19  indictment with the commission of an offense shall commence within seventy days from the
20  filing date (and making public) of the information or indictment, or from the date defendant
21  has appeared before a judicial officer of the court in which such charge is pending, whichever
22  date last occurs." Section 3161(h) provides for a number of exclusions from the period of time
23  used in computing the 70 day period, including Section 3161(h)(1)(F) which excludes "delay
24  resulting from any pretrial motion from the filing of the motion through the conclusion of the
25  hearing on, or prompt disposition of, such motion."

26      "It is well established that an exclusion from the Speedy Trial clock for one defendant
27  applies to all codefendants. . . . The attribution of delay to a codefendant, however, is limited
28  by a reasonableness requirement; § 3161(h)(7) excludes from the 70-day period 'a reasonable

period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.'" *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999). The general purpose of Section 3161(h)(7) is "accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Franklin*, 148 F.3d 451, 456-7 (5th Cir. 1998).

In undertaking to determine the reasonableness of delay under Section 3161(h)(7), "courts look particularly to whether the delay was necessary to achieve its purpose [of effectuating joint trials] and to whether there was any actual prejudice suffered by the [defendant]." *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999) (citation omitted). In *Hall*, the Court of Appeals found that it was not reasonable to delay Hall's trial "so that a [the codefendant] could continue her plea negotiations" in light of Hall's repeated objections to the continuances, the codefendant's suggestion of severance, and the risk of prejudice to Hall. *Id.* at 1063.

The Speedy Trial Act assigns district courts an independent responsibility to protect both the defendant's and the public's strong interest in the timely administration of justice. *Messer*, 197 F.3d at 337. The Court gauges "the reasonableness of delay on a case by case basis, given the fact-bound nature of the inquiry." *Id.* (quotations and citations omitted). The defendant is not required to demonstrate "*both* that the delay was not necessary to achieve § 3161(h)(7)'s purpose *and* that the defendant suffered actual prejudice in order to show that the delay was unreasonable." *Id.* "[T]he proper test is whether the totality of the circumstances warrants a conclusion that the delay was unreasonable." *Id.* at 338. "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983). The findings of the district court must be set forth with particularity. *Id.*

## CONCLUSION

Defendant Ramos-Amezcua was arraigned before the Magistrate Judge on March 2, 2007. On March 23, 2007, Defendant Octovio Amezcua filed the first motion for discovery

stopping the Speedy Trial clock under Section 3161(h)(1)(F).  All Defendants except for Defendant Ramos-Amezcua filed a motion for discovery or for joinder.  The Court concludes that the delay resulting from the filing of the motion for discovery by Defendant Octavio Amezcua on March 23, 2007 pursuant to Section 3161(h)(1)(F) of the Speedy Trial Act applies to all codefendants including Defendant Ramos-Amezcua pursuant to Section 3161(h)(7).  The attribution of the delay to Defendant Ramos-Amezcua is reasonable under the facts of this case.

Defendant Ramos-Amezcua is joined with eighteen other defendants in a seventeen count indictment alleging a wide ranging conspiracy to import and distribute metric ton-quantities of cocaine from Mexico into the United States.  Defendant Ramos-Amezcua has not filed a motion to sever.  Discovery has been represented by all parties, including Defendant Ramos-Amezcua, to encompass thousands of pages of documents as well as at least 34 compact discs needed in order to provide effective assistance of counsel to their clients and to provide an adequate defense. All defendants with the exception of Defendant Ramos-Amezcua have filed a motion for discovery or specifically joined in the motion for discovery filed by Defendant Octavio Amezcua filed on March 23, 2007.  All parties, including Defendant Ramos-Amezcua, have appeared before the Court on a regular basis to assure that discovery is progressing as quickly as possible.  All defendants, including Defendant Ramos-Amezcua, represented at the pretrial hearings that review of extensive discovery was necessary in order to provide an effective defense and  present necessary pretrial motions to suppress and to challenge the wiretaps.  No delay in this case has been ordered for the Government to continue plea negotiations involving any defendant.

The Court has held prompt pretrial hearings.  Defendant Ramos-Amezcua participated in all pretrial hearings and received the benefit of the discovery motions filed by other defendants.  The Court finds that time is excluded pursuant to Section 3161(h)(F) from March 23, 2007 to the next hearing date in this case scheduled for August 16, 2007 for all defendants including Defendant Ramos-Amezcua.  This delay is necessary in order to achieve the purposes of Section 3161 (h)(7) and the Defendant Ramos-Amezcua has suffered no actual

1    prejudice from the delay.

2          IT IS HEREBY ORDERED that the Motion to Dismiss the Indictment filed by

3    Defendant Ramos-Amezcua (#158) is denied.  The Court finds a continued period of delay

4    under the Speedy Trial Act for all Defendants, including Defendant Antonio Ramos-Amezcua,

5    from March 23, 2007 until August 16, 2007.

6    DATED:  July 12, 2007

7                                        *William Q. Hayes*
                                         **WILLIAM Q. HAYES**
8                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cr449WQH